IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE POWER TECHNOLOGIES, INC., by PASCARELLA & WIKER LLP, as Plan Administrator, | Docket No.: 04-282E (Judge Sean J. McLaughlin) |
| Plaintiff, | ELECTRONICALLY FILED PLEADING |
| vs. | ANSWER OF DEFENDANT AALBORG INDUSTRIES TO AMENDED COMPLAINT |
| AALBORG INDUSTRIES A/S, a foreign corporation, FREDDY FRANDSEN, an individual, MICHAEL MILLER, an individual, LARS BONDERUP BJORN, an individual, JAN VESTERGAARD OLSEN, an individual, and CLAUS V. IPSEN, an individual, | Filed on behalf of : Aalborg Industries, a/s, a foreign corporation |
| | Counsel of record for this party: Guy C. Fustine, Esquire Knox McLaughlin Gornall & Sennett, P.C. 120 West 10th Street Erie, PA 16501 |
| Defendants. | Telephone (814) 459-2800 Facsimile (814) 453-4530 Email gfustine@kmgslaw.com PA37543 |

**ANSWER OF DEFENDANT**
**AALBORG INDUSTRIES A/S TO AMENDED COMPLAINT**

Defendant Aalborg Industries A/S ("Defendant"), by and through its attorneys, Knox McLaughlin Gornall & Sennett P.C. and Holland & Knight LLP, as and for its Answer to the Amended Complaint of plaintiff Erie Power Technologies, Inc. ("EPTI"), respectfully states as follows:

**The Parties**

1.    Admits that at certain times EPTI was called Aalborg Industries, Inc. and Aalborg Keystone, Inc., but, except as so specifically admitted, denies

knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and respectfully states that the document referenced in that paragraph speaks for itself.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and respectfully states that the document referenced in that paragraph speaks for itself.

5. The allegations of paragraph 5 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Amended Complaint.

6. Admits that Aalborg Industries A/S is a Danish corporation with an office and place of business in Aalborg, Denmark, but, except as so specifically admitted, denies each and every allegation contained in paragraph 6 of the Amended Complaint.

7. Admits that Freddy Frandsen is an adult individual, a citizen of Denmark, and was at certain times the President and Chief Executive Officer of

Aalborg Industries A/S, but, except as so specifically admitted, denies each and every allegation contained in paragraph 7 of the Amended Complaint.

8.    Admits that Michael Miller is an adult individual, a former Director of EPTI at certain times, but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Amended Complaint.

9.    Admits that Lars Bonderup Bjorn is an adult individual, a citizen of Denmark with a business address of Teglhomsgade 41, DK-2450, Copenhagen, Denmark, was employed by Aalborg Industries A/S at certain times, and served as a Director of EPTI at certain times, but, except as so specifically admitted, denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10.    Admits that Jan Vestergaard Olsen is an adult individual, a citizen of Denmark, was employed by Aalborg Industries A/S at certain times, and served as a Director of  EPTI and attended its Board meetings at certain times, but, except as so specifically admitted, denies each and every allegation contained in paragraph 10 of the Amended Complaint.

11.    Admits that Claus V. Ipsen is an adult individual and was President of EPTI and attended its Board meetings at certain times, but, except as so specifically admitted, denies each and every allegation contained in paragraph 11 of the Amended Complaint.

12.    Denies the allegations contained in paragraph 12 of the Amended Complaint, and neither admits nor denies any summaries or definitions to which no response is required.

## Jurisdiction and Venue

13.    The allegations of paragraph 13 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 13 of the Amended Complaint.

14.    The allegations of paragraph 14 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 14 of the Amended Complaint.

15.    The allegations of paragraph 15 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 15 of the Amended Complaint.

16.    The allegations of paragraph 16 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 16 of the Amended Complaint.

## Background

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, except admits that Aalborg Industries A/S purchased certain assets from Zurn Industries, Inc., and that Aalborg Industries A/S, at certain times, owned all of the outstanding shares of stock of EPTI.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies the allegations contained in paragraph 21 of the Amended Complaint, except admits that EPTI, at certain times, provided its customers with letters of credit, and that some of the letters of credit were guaranteed by Aalborg Industries A/S, and respectfully refers the Court to the originals of the writings referenced in paragraph 21 for an accurate and in context recitation of their contents.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint, except admits that Aalborg Industries A/S had an agreement with EPTI to perform certain services, and respectfully refers the Court to the originals of the writings

referenced in paragraph 22 for an accurate and in context recitation of their contents.

23.     Admits that EPTI made certain payments to Aalborg at certain times, but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and respectfully refers the Court to the originals of the writings referenced in paragraph 23 for an accurate and in context recitation of their contents.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint, except admits that Aalborg Industries A/S had an agreement with EPTI to perform certain services, and respectfully refers the Court to the originals of the writings referenced in paragraph 25 for an accurate and in context recitation of their contents.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint, and respectfully refers the Court to the originals of the writings referenced in paragraph 26 for an accurate and in context recitation of their contents.  By way of further response, Defendant denies that there is no evidence of any technology or information having been provided to EPTI by Aalborg Industries, A/S.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.    Admits that Aalborg Industries, A/S sold its interest in EPTI at a certain time, but, except as so specifically admitted, denies the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Denies the allegations contained in paragraph 30 of the Amended Complaint.

31.    Denies the allegations contained in paragraph 31 of the Amended Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.    Denies the allegations contained in paragraph 33 of the Amended Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.    Denies the allegations contained in paragraph 35 of the Amended Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint,

except admits that a meeting of the board of directors of EPTI took place in February 2002.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.    Denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.  By way of further response, Defendant states that writings referenced in paragraph 39 of the Amended Complaint speak for themselves.

40.    Denies the allegations contained in paragraph 40 of the Amended Complaint, except admits that EPTI entered into a loan agreement with Aalborg Industries A/S, and respectfully refers the Court to the originals of the writings referenced in paragraph 40 for an accurate and in context recitation of their contents.

41.    Admits that EPTI made certain payments to Aalborg Industries, A/S, but, except as so specifically admitted, denies the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.    Admits that EPTI made certain payments to Aalborg Industries, A/S, but, except as so specifically admitted, denies the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Admits that EPTI made certain payments to Aalborg Industries, A/S, but, except as so specifically admitted, denies the truth of the allegations contained in paragraph 43 of the Amended Complaint.

### Count I
### Avoidance of Preference Payment – 11 U.S.C. § 547
### Plaintiff v. Aalborg

44.     In response to the allegations contained in paragraph 44 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1-43 of the Amended Complaint, as set forth above, as if the same were fully set forth herein.

45.     The allegations of paragraph 45 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Amended Complaint.

9

50.     Denies each and every allegation contained in paragraph 50 of the Amended Complaint.

Defendant denies that EPTI is entitled to receive any of the relief it requests in the "WHEREFORE" clause that follows paragraph 50 of Count I of the Amended Complaint.

## Count II
## Avoidance of Fraudulent Transfer – 11 U.S.C. 548
## Plaintiff v. Aalborg and Ipsen

51.     In response to the allegations contained in paragraph 51 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1-50 of the Amended Complaint, as set forth above, as if the same were fully set forth herein.

52.     Denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Amended Complaint.

Defendant denies that EPTI is entitled to receive any of the relief it requests in the "WHEREFORE" clause that follows paragraph 53 of Count II of the Amended Complaint.

## Count III
## Uniform Fraudulent Transfer Act
## <u>Plaintiff v. Aalborg</u>

54.    In response to the allegations contained in paragraph 54 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1-53 of the Amended Complaint, as set forth above, as if the same were fully set forth herein.

55.    Admits that at certain times EPTI made certain payments to Aalborg Industries A/S, but, except as so specifically admitted, denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.    The allegations of paragraph 56 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 56 of the Amended Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Amended Complaint.

58.    Denies each and every allegation contained in paragraph 58 of the Amended Complaint.

59.    Denies each and every allegation contained in paragraph 59 of the Amended Complaint.

60.    Denies each and every allegation contained in paragraph 60 of the Amended Complaint.

61.    Denies each and every allegation contained in paragraph 61 of the Amended Complaint.

Defendant denies that EPTI is entitled to receive any of the relief it requests in the "WHEREFORE" clause that follows paragraph 61 of Count III of the Amended Complaint.

## Count IV
## Breach of Fiduciary Duty
## Plaintiff v. All Defendants

62.    In response to the allegations contained in paragraph 62 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1-61 of the Amended Complaint, as set forth above, as if the same were fully set forth herein.

63.    Denies the allegations set forth in paragraph 63 of the Amended Complaint.

64.    Denies the allegations set forth in paragraph 64 of the Amended Complaint.

Defendant denies that EPTI is entitled to receive any of the relief it requests in the "WHEREFORE" clause that follows paragraph 54 of Count IV of the Amended Complaint.

12

## AS AND FOR A FIRST SEPARATE AND COMPLETE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE

The Amended Complaint is barred in whole, or in part, by the applicable statutes of limitation.

## AS AND FOR A THIRD SEPARATE AND COMPLETE DEFENSE

The Amended Complaint is barred in whole, or in part, by the business judgment rule.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE DEFENSE

The Amended Complaint is barred in whole, or in part, by the doctrines of waiver, estoppel, and/or ratification.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE DEFENSE

The Amended Complaint is barred in whole, or in part, by the doctrines of unclean hands and inequitable conduct.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE DEFENSE

The Amended Complaint is barred in whole, or in part, by the doctrine of laches.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE DEFENSE

EPTI is barred from asserting any claims against Defendant by virtue of EPTI's agreement to indemnify and hold Defendant harmless from any claim or cause of action asserted in the Amended Complaint.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE DEFENSE

EPTI's case against Defendant is barred because the Court lacks subject matter jurisdiction over the claims alleged in the Amended Complaint.

### AS AND FOR A NINTH SEPARATE AND COMPLETE DEFENSE

Defendant owed no duty, fiduciary or otherwise, to EPTI's creditors and therefore the Amended Complaint should be dismissed as to it.

### AS AND FOR A TENTH SEPARATE AND COMPLETE DEFENSE

To the extent that Defendant owed a duty, fiduciary or otherwise, to EPTI's creditors, Defendant did not breach that duty in any fashion whatsoever and fully performed such duty in good faith in accordance with the applicable law.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE DEFENSE

Any of the payments made to Aalborg Industries A/S by Erie Power Technologies, Inc. were made in the ordinary course of business and were consistent with the business judgment rule.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE DEFENSE

EPTI's case against Defendant is barred by the release given by EPTI to Defendant in connection with Defendant's sale of EPTI in 2002.

## ADDITIONAL DEFENSES TO EPTI'S CLAIMS

Defendant respectfully requests leave to assert additional defenses which he deems necessary to its defense of the Amended Complaint during or upon conclusion of their investigation and discovery of EPTI's claims.

WHEREFORE, having fully answered the allegations set forth in the Amended Complaint, defendant Aalborg Industries A/S respectfully requests that the Court enter judgment (a) dismissing the Amended Complaint; (b) awarding it the costs of this proceeding including reasonable attorneys' fees; and (c) granting it such other and further relief as the Court may deem just and proper.

Dated:  August 26, 2005

                                   KNOX MCLAUGHLIN GORNALL
                                   & SENNETT, P.C.


                                   By:  _*/s/ Tracey D. Bowes*_____
                                        Guy Fustine, Esq.
                                        PA I.D. No. 37543
                                        Tracey D. Bowes, Esq.
                                        PA I.D. No. 86476
                                        120 West 10th Street
                                        Erie, Pennsylvania 16501
                                        (814) 459-2800

                                            - and -

                                        Christopher G. Kelly, Esq.
                                        James V. Marks, Esq.
                                        HOLLAND & KNIGHT LLP
                                        195 Broadway
                                        New York, NY  10007
                                        (212) 513-3200

                                   Attorneys for Defendants
                                   Aalborg Industries A/S, Freddy Frandsen,
                                   Lars Bonderup Bjorn, and Jan Vestergaard
                                   Olsen

# 3175785_v1

16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE POWER TECHNOLOGIES, INC., by PASCARELLA & WIKER LLP, as Plan Administrator,

                        Plaintiff,

        vs.

AALBORG INDUSTRIES A/S, a foreign corporation, FREDDY FRANDSEN, an individual, MICHAEL MILLER, an individual, LARS BONDERUP BJORN, an individual, JAN VESTERGAARD OLSEN, an individual, and CLAUS V. IPSEN, an individual,

                   Defendants.

Docket No.: 04-282E
(Judge Sean J. McLaughlin)

ELECTRONICALLY FILED PLEADING

ANSWER OF DEFENDANT AALBORG INDUSTRIES TO AMENDED COMPLAINT

Filed on behalf of : Aalborg Industries, a/s, a foreign corporation

Counsel of record for this party:
Guy C. Fustine, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West 10th Street
Erie, PA  16501
Telephone (814) 459-2800
Facsimile (814) 453-4530
Email gfustine@kmgslaw.com
PA37543

**CERTIFICATE OF SERVICE OF ANSWER TO AMENDED COMPLAINT**

The undersigned hereby certifies that on August 26, 2005, a copy of the foregoing

Answer to Amended Complaint was served by first class, United States mail, postage pre-paid,

and/or by hand delivery, as follows:

Michael C. Dell'Angelo, Esquire
Merrill G. Davidoff, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Lawrence C. Bolla, Esquire
Nicholas Pagliari, Esquire
Quinn, Buseck, Leemhuis,
Toohey & Kroto
2222 West Grandview Boulevard
Erie, PA  16506

17

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY:__ */s. Tracey D. Bowes*_____
        Guy Fustine, Esq.
        PA I.D. No. 37543
        Tracey D. Bowes, Esq.
        PA I.D. No. 86476
        120 West 10th Street
        Erie, Pennsylvania 16501
        (814) 459-2800

# 630276

18